IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02913-WJM-MEH

ANTONITTE POLK, and
AUDWIN DUBOSE,

    Plaintiffs,

v.

J. BODE HOLDINGS, INC., a Colorado corporation

    Defendant.

---

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS PARTY

---

    Plaintiffs Antonitte Polk and Audwin Dubose bring this action against Defendant J. Bode Holdings arising out of a loan agreement to buy a used automobile. (Compl. (ECF No. 1) pp. 2-3.) Plaintiffs allege that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1638 *et seq*. and various Colorado state laws by failing to provide accurate disclosures as to the terms of the loan. (*Id*. at 6.)

    Before the Court is Plaintiffs' Motion to Dismiss Party ("Motion") asking the Court to permit Plaintiff Audwin Dubose to withdraw as a plaintiff from this action. (ECF No. 20.) Defendant opposes the Motion. (ECF No. 22.) For the reasons set forth below, the Motion is granted.

### I.  LEGAL STANDARD

    A party seeking to dismiss his claims after an answer has been filed, as is the case here, may do so only by court order. Fed. R. Civ. P. 41(a)(2). "Absent 'legal

prejudice' to the defendant, the district court should normally grant such dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  In determining whether to allow dismissal, the Court must consider the proffered explanation for dismissal, any excessive delay or lack of diligence on the part of the movant, the stage of the litigation, and the opposing party's effort and expense in preparing for trial.  *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).  This list of factors is disjunctive and the Court may also consider other issues that it determines to be relevant.  *Ohlander*, 114 F.3d at 1537.

## II.  ANALYSIS

Before turning to the factors set forth above, the Court must address Defendant's argument that Plaintiff Dubose cannot be dismissed from this action because he is an indispensable party.  (ECF No. 22 at 2.)  The Court notes that Defendant cites no authority showing that Dubose is an indispensable party.  Although he is a signatory to the loan agreement at issue here, he has assigned his rights over any misconduct related to the loan agreement to Plaintiff Polk.  Thus, contrary to Defendant's argument, the Court finds that the outcome of this litigation will be dispositive of all claims related to the loan agreement.  Accordingly, the Court rejects Defendant's contention that Dubose is an indispensable party.

Turning to the factors set forth above, Dubose has recently moved to Mississippi.  (ECF No. 20 at 1.)  He alleges that he is now "unavailable to participate in this matter in person" and would like to dismiss his claims on that basis.  (*Id*.)  The Court finds that

this is an adequate explanation for the proposed dismissal and that this factor weighs in favor of granting the Motion.

This case is in the middle of litigation. The parties are moving forward with depositions and the discovery deadline is impending. While the stage of the litigation would suggest that dismissal is not appropriate, Plaintiff argues that all of the work that Defendant has put into this case would be the same regardless of whether Dubose is a plaintiff in this action. The Court agrees. The amount of work necessary to litigate does not appear to be significantly affected (if at all) by the number of plaintiffs. Therefore, the Court finds that this factor does not weigh in favor of or against allowing dismissal of Dubose as a plaintiff.

There is no evidence in the record suggesting that Plaintiff Dubose delayed in seeking dismissal of his claims. There is also no evidence showing that Dubose was less than diligent in seeking dismissal. Thus, the Court finds that this factor weighs in favor of granting the Motion.

Finally, the Court finds that Defendant will suffer little prejudice if Dubose is allowed permitted to withdraw as a plaintiff. As noted above, Dubose has assigned his rights over all claims arising out of the loan agreement to Plaintiff Polk. (ECF No. 20 at 1.) Therefore, Defendant does not risk having to litigate this action twice. Defendant contends that it will be prejudiced because Dubose is an "essential witness" in this case and that, so long as Dubose is a party to this action, Defendant is entitled to depose Dubose in Colorado. (ECF No. 22 at 3.) The Court acknowledges that the analysis as

to whether Dubose will be required to appear in Colorado for a deposition changes if Dubose is no longer a party. However, given the ready availability of technology such as video teleconference equipment, the Court finds that Defendant will not be significantly prejudiced by Dubose being dismissed as a Plaintiff. Therefore, the Court finds that this factor weighs against allowing Dubose to dismiss his claims but only slightly.

Considering all of the above, the Court finds that Plaintiff Dubose should be permitted to be dismissed as a party-Plaintiff. Defendant argues that, if Dubose is allowed to withdraw, "the entire case should be dismissed. His assignment of his rights to Plaintiff Polk does not cure the undue prejudice to Defendant." (ECF No. 22 at 3.) The Court finds this position patently erroneous. Defendant proffers no basis for dismissing Plaintiff Polk's claims simply because Mr. Dubose has relocated and does not wish to participate in this litigation any longer. As discussed above, the Court has found that Defendant will suffer only slight prejudice if Dubose is not a party to this action. This minimal prejudice does not warrant dismissal of this action in its entirety.

Defendant also argues that, if the Court dismisses Dubose as a party-Plaintiff, it should award Defendant its "attorney fees and costs incurred up to the time of dismissal. The purpose of awarding costs under Rule 41(a)(2) is two-fold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." (ECF No. 22 at 4.) Again, the Court finds no basis for the relief requested by Defendant. The cases cited by Defendant in support of this

argument are easily distinguishable in that they stand for the proposition that the Court may award fees and costs when an *entire action* is voluntarily dismissed after the defendant has incurred significant litigation expenses.  *See Russell-Brown v. Jerry, II*, 270 F.R.D. 654 (N.D. Fla. 2010).  Plaintiffs here do not seek to dismiss this action in its entirety; rather, they seek to have it prosecuted by one individual rather than two. The nature and the scope of the claims at issue here remain the same. Defendant has failed to show that it has incurred any additional expense because this action has been litigated by two plaintiffs rather than one.  Additionally, there is no suggestion that this action was filed on behalf of two Plaintiffs for the purpose of "vexatious" litigation.  Accordingly, the Court finds no basis for awarding Defendant its costs and fees incurred up until this point in the litigation.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss Party (ECF No. 20) is GRANTED.  Audwin Dubose is DISMISSED as a party-Plaintiff from this action.  All future filings shall omit Mr. Dubose from the caption.

Dated this 24th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge